## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL ACEVEDO,<br><br>    Plaintiff,<br><br>    v.<br><br>REFUAH, INC., MEYER WEILL, and MOESHE DEUTCHE,<br><br>     Defendants. | 21-CV-820<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Plaintiff Michael Acevedo, by and through the undersigned counsel, alleges upon personal knowledge as to some and information and belief as to the rest, as follows:

### NATURE OF THE ACTION

1. This case arises under the Americans with Disabilities Act of 1990, as amended by the ADA Amendments Act of 2008, 42 U.S.C. § 12101 et seq. ("ADAA") for causes of action sounding in employment discrimination, retaliation, and failure to accommodate.

2. This case also arises under the New York City Human Rights Law, § 8-101 et seq., as amended, ("NYCHRL") for causes of action sounding in employment discrimination, retaliation, and failure to accommodate.

3. By this action, Plaintiff Acevedo seeks declaratory and injunctive relief, as well as compensatory and punitive damages, interest, reasonable attorneys' fees and costs under the applicable civil rights laws.

## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this action

arises under federal law.

5.     This Court has supplemental jurisdiction over the state law claims under 28 U.S.C. §

1367.

6.     The venue of this action is proper under 28 U.S.C. § 1391(b)(1) and (2).

7.     Plaintiff Acevedo has satisfied all preconditions to the commencement of this

action.

## THE PARTIES

*Plaintiff Michael Acevedo*

8.     Plaintiff Michael Acevedo ("Acevedo") maintains residence and citizenship in New

York.

9.     Plaintiff Acevedo has a "disability" as that term is defined under the ADAA because

he suffers from "a physical…impairment that substantially limits one or more major life

activities", 42 U.S.C. § 12102(1)(A), including the "major life activities [of]…walking", 42

U.S.C. § 12102(2)(A) "and because of "a record of such an impairment", 42 U.S.C. §

12102(1)(B), and because he is "regarded as having such an impairment" 42 U.S.C. §

12102(3) by Defendants.

10.    Plaintiff Acevedo has an "disability" as that term is defined by the NYCHRL because

his ability to walk is impaired and Defendants regard him as having such disability.

*Defendant Refuah, Inc.*

11.     Defendant Refuah, Inc. is a corporation organized under the laws of the State of New York with operations located at 1365 52nd Street, Brooklyn, NY 11219.

12.     Defendant Refuah, Inc. is a "covered entity" as that term is defined by the ADAA, 42 U.S.C. § 12111(2), because it is an "employer" "engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year." 42 U.S.C. § 12111(5)(A).

13.     Defendant Refuah, Inc. is an "employer" as that term is defined by the NYCHRL because it employed more than four persons at all times during the period beginning twelve months before the start of the unlawful discriminatory practices alleged herein and continuing through the end of such unlawful discriminatory practices alleged herein. N.Y.C. Admin. Code § 8-102.

14.     Defendant Refuah, Inc. had the ability to control the terms and conditions of Plaintiff Acevedo's employment with its co-Defendants, including the ability to set his rate of pay, work location, work duties, and terminate him from employment.

*Defendant Meyer Weill*

15.     Defendant Meyer Weill a/k/a Maer Weill a/k/a Meir Weill ("Weill") maintains residence and citizenship in New York.

16.     Defendant Weill's residential address is 1056 East 27th Street, Brooklyn, NY.

17.     Defendant Weill had the ability to control the terms and conditions of Plaintiff's employment with its co-Defendants, including the ability to set his rate of pay, work location, work duties, and terminate him from employment.

18.     *Defendant Moeshe Deutche*

3

19.     Defendant Moeshe Deutche is believed to maintain residence and citizenship in New York.

20.     Defendant Duetche had the ability to control the terms and conditions of Plaintiff's employment with its co-Defendants, including the ability to set his rate of pay, work location, work duties, and terminate him from employment.

**FACTS**

21.     Since December 1993, Defendant Refuah, Inc. has operated a medical supply company in Brooklyn, New York.

22.     Defendant Refuah, Inc. is owned and operated by Defendant Meyer Weill.

23.     Defendant Moeshe Deutche is employed by Defendant Refuah, Inc.

24.     At all times relevant herein, Defendant Weill and Defendant Deutche directed and supervised Plaintiff Michael Acevedo, assigned his job duties, set his rates of pay, and had complete discretion to reprimand and terminate Plaintiff.

25.     Plaintiff Acevedo was hired by Defendants on December 1, 2010 as a warehouse driver at approximately $10 per hour.

26.     As warehouse driver, Plaintiff Acevedo picked up and delivered orders and performed general warehouse duties.

27.     In August 2014, finding Plaintiff Acevedo's performance satisfactory, Defendants promoted Plaintiff to Assistant Manager making approximately $22 per hour.

28.     As Assistant Warehouse Manager, Plaintiff Acevedo assisted in receiving, shipping, and inventory control.

29.     In February 2019, again finding Plaintiff Acevedo's performance satisfactory, Defendants promoted Plaintiff to Warehouse Manager making approximately $25 per hour.

30.     As Warehouse Manager, Plaintiff Acevedo oversaw Defendants' warehouse operations.

31.     Defendants did not have an employee handbook applicable to Plaintiff Acevedo during the period of his employment.

32.     Defendants did not have a human resources department or personnel applicable to Plaintiff Acevedo during the period of his employment.

33.     Defendants did not have a written policy prohibiting disability-related discrimination applicable to Plaintiff Acevedo during the period of his employment.

34.     Defendants did not have a written policy concerning reasonable accommodations for employees with disabilities applicable to Plaintiff during the period of his employment.

35.     During the course of his employment with Defendants Plaintiff Acevedo suffered from plantar warts on his feet. *See* **Fig. 1** (Picture of Plaintiff's feet with plantar warts).

36.     During the course of Plaintiff's employment with Defendants, the warts on Plaintiff's feet split open,  exposing sensitive tissue and triggering intense pain and bleeding, causing Plaintiff Acevedo substantial difficulty walking.

37.     To manage this impairment, during his employment with Defendants, Plaintiff Acevedo visited a podiatrist to shave the plantar warts and douse them with acid.

**Fig. 1 (Picture of Plaintiff's feet with plantar warts)**



38.     Additionally, during the course of his employment with Defendants, Plaintiff

Acevedo suffered ingrown toenails on his feet. See **Fig. 2** (Picture of Plaintiff's feet with

swollen and bloody ingrown toenail).

39.     During the course of his employment with Defendants, Plaintiff's ingrown toenails

made his feet tender and swollen, making it painful to walk.

40.     To manage this impairment, during his employment with Defendants, Plaintiff

Acevedo routinely visited a podiatrist to surgically remove the ingrown toenails,

alleviating the pressure and pain caused thereby.

**Fig. 2 (Picture of Plaintiff's feet with swollen and bloody ingrown toenail)**



41.     Because Plaintiff Acevedo's podiatrist was not available on the weekend to perform these foregoing medical procedures, and because Plaintiff worked the weekdays for Defendants, Plaintiff requested and received approval from Defendants and/or their agents, to leave work early during the workweek to attend these medical procedures, as a reasonable accommodation.

42.     Further, because the painful burning sensation resulting from the acid dousing his feet sometimes persisted into the next day following these medical procedures, making it extremely painful to walk, Plaintiff requested and received approval from Defendants and/or their agents, to take leave from work during the workweek following these medical procedures, as a reasonable accommodation.

43.     For example, when Plaintiff Acevedo was Assistant Warehouse Manager and Carlos Figueroa was the Warehouse Manager, Plaintiff asked Figueroa for permission to take leave from work to attend the medical procedures and/or recover from the medical procedures, as a reasonable accommodation.

44.     In turn, Figueroa approved the reasonable accommodations requested by Plaintiff and notified Defendant Duetche that Plaintiff had requested and been approved for leave from work to attend the medical procedures and/or recover from the medical procedures.

45.     Because shaving the plantar warts, dousing them with acid, and surgically removing the ingrown toenails was a temporary fix, Plaintiff Acevedo's podiatrist strongly advised Plaintiff to have surgeries on his feet related to his plantar warts and ingrown toenails.

46.     To that end, on or about May 15, 2019, following Plaintiff's promotion to Warehouse Manager, Plaintiff Acevedo's podiatrist issued Plaintiff a letter to provide to

Defendants to enable them to coordinate Plaintiff's leave from work to attend the surgeries and recover from them, as a reasonable accommodation.

47.     Upon receiving the podiatrist's letter, Plaintiff provided the letter to Defendant Duetche and Plaintiff Acevedo asked Defendant Duetche for leave to attend the surgeries and recover from them, as a reasonable accommodation.

48.     In reply, Defendant Duetche stated that Plaintiff Acevedo could take leave to attend the surgeries and recover from them starting Friday, May 24, 2019, as that day coincided with Memorial Day weekend and the warehouse was closed that following Monday.

49.     Thereafter, on May 21, 2019, while at work, Plaintiff Acevedo's podiatrist called to confirm by telephone that the surgeries would be performed at noon on Friday, May 24, 2019. Following this call, Plaintiff Acevedo called Defendant Duetche to let him know that his podiatrist had called to confirm the surgeries for noon on Friday, May 24, 2019. In reply, Defendant Duetche told Plaintiff to give him "five minutes" and he would be right over to meet with Plaintiff in person. Several minutes later, Defendant Duetche and Defendant Weill appeared in Plaintiff Acevedo's office and terminated him on the spot.

50.     Defendants failed to provide Plaintiff with a written statement explaining the reasons for denying his reasonable accommodation request, as required by N.Y.C. Admin. Code § 8-107(28).

51.     Plaintiff Acevedo was shocked and humiliated by Defendants' decision to terminate him on the spot rather than accommodate his disability, especially considering that Plaintiff had worked his way up from warehouse driver to overseeing the entire warehouse and all of its employees over a ten-year period, receiving promotion after promotion.

52.     As a result, Plaintiff Acevedo seeks back pay, front pay, and damages for the emotional distress caused by Defendants' discriminatory actions taken against him because of disability, as well as pre-judgment interest.

53.     Further, as a result, Plaintiff Acevedo seeks an award of his reasonable attorney's fees and costs in prosecuting this action and prevailing at trial.

54.     Plaintiff Acevedo also seeks a declaration that Defendants have violated the anti-discrimination laws applicable to them and Plaintiff seeks to permanently enjoin Defendants from violating the anti-discrimination laws applicable to them.

**FIRST CAUSE OF ACTION**
Unlawful and Intentional Disability Discrimination
Americans with Disabilities Act of 1990, as amended by the ADA Amendments Act of 2008,
42 U.S.C. § 12101 et seq.
As Against Defendant Refuah, Inc.

55.     Plaintiff realleges and incorporates the foregoing allegations stated above herein.

56.     Plaintiff is a person with a disability within the meaning of the ADAA because Defendants perceived him as a person with a disability as those terms are defined by the law.

57.     Plaintiff is also a person with a disability within the meaning of the ADAA because he has an impairment as those terms are defined by the law.

58.     Plaintiff was able to perform the essential functions of his job with Defendants with a reasonable accommodation.

59.     By the foregoing conduct, Defendants unlawfully and intentionally discriminated against Plaintiff because of disability within the meaning of the ADAA.

60.     As a result of the foregoing, Plaintiff seeks declaratory and injunctive relief, as well

as all other relief available under the law.

## SECOND CAUSE OF ACTION
Unlawful and Intentional Retaliation
Americans with Disabilities Act of 1990, as amended by the ADA Amendments Act of 2008,
42 U.S.C. § 12101 et seq.
As Against Refuah, Inc.

61.     Plaintiff realleges and incorporates the foregoing allegations stated above herein.

62.     By the foregoing conduct, Defendants retaliated against Plaintiff for engaging in

activity protected by the ADAA known to Defendants.

63.     As a result of the foregoing, Plaintiff seeks declaratory and injunctive relief, as well

as all other relief available under the law.

## THIRD CAUSE OF ACTION
Failure to Accommodate
Americans with Disabilities Act of 1990, as amended by the ADA Amendments Act of 2008,
42 U.S.C. § 12101 et seq.
As Against Refuah, Inc.

64.     Plaintiff realleges and incorporates the foregoing allegations stated above herein.

65.     By the foregoing conduct, Defendants failed to accommodate Plaintiff's disability

known to them in a reasonable and effective manner that would pose no undue hardship

upon Defendants.

66.     As a result of the foregoing, Plaintiff seeks declaratory and injunctive relief, as well

as all other relief available under the law.

## FOURTH CAUSE OF ACTION
Unlawful and Intentional Disability Discrimination
New York City Human Rights Law, as amended by the Local Civil Rights Restoration Act of
2005, N.Y.C. Admin. Code § 8-101 et seq.
As Against All Defendants

67.     Plaintiff realleges and incorporates the foregoing allegations stated above herein.

68.     Plaintiff is a person with a disability within the meaning of the NYCHRL because Defendants perceived him as a person with a disability as those terms are defined by the law.

69.     Plaintiff is also a person with a disability within the meaning of the NYCHRL because he has an impairment as those terms are defined by the law.

70.     By the foregoing conduct, Defendants unlawfully and intentionally discriminated against Plaintiff because of disability, within the meaning of the NYCHRL.

71.     As a result of the foregoing, Plaintiff seeks declaratory and injunctive relief, as well as all other relief available under the law.

### FIFTH CAUSE OF ACTION
Unlawful and Intentional Retaliation
New York City Human Rights Law, as amended by the Local Civil Rights Restoration Act of
2005, N.Y.C. Admin. Code § 8-101 et seq.
As Against All Defendants

72.     Plaintiff realleges and incorporates the foregoing allegations stated above herein.

73.     By the foregoing conduct, Defendants retaliated against Plaintiff for engaging in activity protected by the NYCHRL known to them.

74.     As a result of the foregoing, Plaintiff seeks declaratory and injunctive relief, as well as all other relief available under the law.

### SIXTH CAUSE OF ACTION
Failure to Accommodate
New York City Human Rights Law, as amended by the Local Civil Rights Restoration Act of
2005, N.Y.C. Admin. Code § 8-101 et seq.
As Against All Defendants

75.     Plaintiff realleges and incorporates the foregoing allegations stated above herein.

76.     By the foregoing conduct, Defendant failed to accommodate Plaintiff's disability known to them in a reasonable and effective manner that would pose no undue hardship upon Defendants.

77.     As a result of the foregoing, Plaintiff seeks declaratory and injunctive relief, as well as all other relief available under the law.

### SEVENTH CAUSE OF ACTION
Failure to Engage in Cooperative Dialogue
New York City Human Rights Law, as amended by the Local Civil Rights Restoration Act of 2005, N.Y.C. Admin. Code § 8-101 et seq.
As Against All Defendants

78.     Plaintiff realleges and incorporates the foregoing allegations stated above herein.

79.     N.Y.C. Admin. Code § 8-107(28) states as follows:

Reasonable accommodation; cooperative dialogue.
(a)  Employment. It shall be an unlawful discriminatory practice for an employer, labor organization or employment agency or an employee or agent thereof to refuse or otherwise fail to engage in a cooperative dialogue within a reasonable time with a person who has requested an accommodation or who the covered entity has notice may require such an accommodation:... (2) Related to a disability as provided in subdivision 15 of this section;

....
(d)  Upon reaching a final determination at the conclusion of a cooperative dialogue pursuant to paragraphs (a) and (c) of this subdivision, the covered entity shall provide any person requesting an accommodation who participated in the cooperative dialogue with a written final determination identifying any accommodation granted or denied.

(e)  The determination that no reasonable accommodation would enable the person requesting an accommodation to satisfy the essential requisites of a job or enjoy the right or rights in question may only be made after the parties have engaged, or the covered entity has attempted to engage, in a cooperative dialogue.

80.     Defendants failed to provide Plaintiff a written final determination in accordance with N.Y.C. Admin. Code § 8-107(28).

81.     As a result of the foregoing, Plaintiff seeks declaratory and injunctive relief, as well as all other relief available under the law.

## JURY DEMAND

Plaintiff seeks a jury trial on all issues triable by jury.

## RELIEF SOUGHT

WHEREFORE, Plaintiff respectfully seeks the following relief:

a) a declaration that Defendant Refuah, Inc. violated the Americans with Disabilities Act of 1990, as amended by the ADA Amendments Act of 2008, 42 U.S.C. § 12101 et seq.,

b) a declaration that all Defendants have violated the New York City Human Rights Law, as amended by the Local Civil Rights Restoration Act of 2005, N.Y.C. Admin. Code § 8-101 et seq.;

c) an order permanently enjoining Defendant Refuah, Inc. from violating the Americans with Disabilities Act of 1990, as amended by the ADA Amendments Act of 2008, 42 U.S.C. § 12101 et seq.,

d) an order permanently enjoining all Defendants from violating the New York City Human Rights Law, as amended by the Local Civil Rights Restoration Act of 2005, N.Y.C. Admin. Code § 8-101 et seq;

e) an award of compensatory and punitive damages under the Americans with Disabilities Act of 1990, as amended by the ADA Amendments Act of 2008, 42 U.S.C. § 12101 et seq., and the New York City Human Rights Law, as amended by the Local Civil Rights Restoration Act of 2005, N.Y.C. Admin. Code § 8-101 et seq.;

f) an award reasonable attorneys' fees, costs, expenses, and interest under the Americans with Disabilities Act of 1990, as amended by the ADA Amendments

Act of 2008, 42 U.S.C. § 12101 et seq., and the New York City Human Rights Law, as amended by the Local Civil Rights Restoration Act of 2005, N.Y.C. Admin. Code § 8-101 et seq.; and

g) all other relief the Court deems necessary and just.

Dated:       Brooklyn, New York
              February 15, 2021

Respectfully submitted,

By: _____

Zachary J. Liszka, Esq.
33 Nassau Avenue, Fl 2
Brooklyn, New York 11222
347-762-5131
zach@employeelawyer.nyc
*Counsel for Plaintiff*

14